UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD ANDREW,

    Plaintiff,

    v.                                             CASE NO. 3:21-CV-00369-DRL-MGG

WEXFORD OF INDIANA, LLC; *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before this Court on Defendants' Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) filed on June 15, 2021. Defendants' Motion is fully briefed and ripe for a ruling.

### I.   BACKGROUND

Plaintiff filed a Complaint against Defendants under 42 U.S.C. § 1983 on April 29, 2021. The Complaint arises from medical treatment Defendants provided Plaintiff at the Indiana Department of Correction's Westville Correctional Facility prior to his being diagnosed with a cancerous tumor in July of 2019. [DE 1 ¶ 1-5]. As relevant here, Plaintiff alleges the following:

> 100.    Defendants Liaw, Jackson, and Kupferberg were deliberately indifferent to Mr. Andrew's serious medical needs in violation of his Eighth Amendment rights.
>
> 101.    Defendants Liaw, Jackson, Kupferberg, and Wexford of Indiana, LLC, are liable for the failures to comply with the applicable standard of care, negligence, and *all other torts*.

> 102. Wexford of Indiana, LLC, is liable for the torts of its employees as noted above.

[DE 1 at 15 (emphasis added)]. Defendants contend that the Complaint "fails to put Defendants on notice as to the claims brought against them." [DE 17 at 3]. In particular, Defendants contend that the phrase "all other torts" is so vague as to leave them "unable to ascertain what claims are being alleged." [DE 17 at 3]. They consequently ask this Court to "order Plaintiff to amend his Complaint indicating, with particularity, the claims brought against each individual defendant." [DE 17 at 3].

## II. ANALYSIS

Rule 12(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, this Court takes its guidance from the federal pleading requirements. Per Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also provide enough details about the case to present a story that holds together. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

A more definite statement may be necessary "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). However, with the extensive nature of discovery allowed under the Federal Rules of Civil Procedure, such relief is reserved for instances where the answering party will not be able to frame a responsive pleading. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010). As such, Rule 12(e) motions should not be used to gain additional information but to address unintelligible pleadings. *Kingsbury Int'l, Ltd. v. Trade the News, Inc.*, No. 08-C-3110, 2008 WL 4853615, at *2 (N.D. Ill. Oct. 28, 2008). Moreover, Rule 12(e) motions for more definite statement should not be granted if the movant's purpose is to find more information that could be gathered through actual discovery. *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406, 2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011).

In this case, Defendants contend that Plaintiff's Complaint is too vague for them to understand the scope of the claims being brought against them and who each claim is directed against. They argue that the catchall phrase "all other torts" could amount to any claim except breach of contract. [DE 17 at 3]. However, when all of Plaintiff's allegations are considered, the Complaint contains enough information to dispense with Defendants' concerns. The Complaint alleges, among others, a violation of Plaintiff's Eighth Amendment rights [DE 1 at 15, ¶ 101], malpractice [DE 1 at 15, ¶ 95], a conscious disregard for Plaintiff's condition [DE 1 at 14, ¶ 92], and the causing of needless suffering and emotional distress [DE 1 at 14, ¶¶ 89-90]. The same paragraph containing "all other torts" states that Defendants are "liable for the failures to comply

3

with the applicable standard of care [and] negligence." [DE 1 at 15, ¶ 101]. The allegations are not unintelligible, ambiguous, or vague. They contain enough details, including dates, actions, and names, to hold Plaintiff's story together. *See Swanson*, 614 F.3d at 404.

Therefore, Defendants are sufficiently on notice of the scope of Plaintiff's deliberate indifference and related claims stemming from their conduct while treating Plaintiff, the grounds for such claims, and the identity of the relevant defendants in each claim. All this information is enough to prepare a response, after which Defendant can gain greater clarity through discovery. *See Nikolic*, No. 2:10-CV-406, 2011 WL 4537911, at *6.

Furthermore, Defendants' reliance on *Thomas v. Hyde*, No. 13–CV–35, 2013 WL 1001438 (S.D. Ill. 2013) is misplaced. In *Thomas*, the defendant, a State Attorney, needed to know basic details to determine whether the claim was one from which he could be immune by virtue of his position. *See id.* at *2. Here, Defendants argue that the Complaint lacked not facts but clarity about the types of claims against them. Defendants acknowledge that Plaintiff provides ample factual allegations. These allegations, as discussed above, put the Defendants on fair notice of the claims against them consistent with the pleading standard set forth in *Twombly*. *See* 550 U.S. at 545.

Defendants' analogy to *Wooden v. Barone*, No. 6-CV-790, 2007 WL 2481170 (S.D. Ill. 2007) is also inadequate. In *Wooden*, the court "steer[ed] a middle course" between the Seventh Circuit's high standards for First Amendment claims, as indicated in *Doherty* and *Kyle*, and the more lenient standards of Federal Rule of Civil Procedure 8.

4

*Id.* at *8; *cf. Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996) (stating that in Section 1983 allegations against local government, "there must be sufficient facts pleaded to allow the court and the defendants to understand the gravamen of the plaintiff's complaint."); *Kyle v. Morton High School*, 144 F.3d 448, 454 (7th Cir. 1998) ("To avoid dismissal, the complaint for a First Amendment violation must at least put the defendants on notice that some specific speech or conduct by the plaintiff led to the termination.") The *Wooden* court granted a motion for more definite statement because of the Seventh Circuit's more restrictive approach to First Amendment cases. *Id.* at *7. Here, however, Plaintiff is not seeking relief for a violation of his First Amendment rights; thus, the heightened pleading standard enforced in *Wooden* does not apply.

For the forgoing reasons, Defendants have not met their burden to show that Plaintiff's Complaint is so vague or ambiguous as to prevent them from preparing a responsive pleading. *See MacNeil Auto. Prods.*, 715 F. Supp. 2d at 790; *Kingsbury Int'l, Ltd.*, No. 08-C-3110, 2008 WL 4853615, at *2. Accordingly, a more definite statement is not warranted.

### III.   CONCLUSION

Defendants' Motion for a More Definite Statement, pursuant to Federal Rule of Procedure 12(e), is hereby **DENIED**. [DE 16].

**SO ORDERED** this 15th day of September 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge